# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **alkus Aktiengesellschaft,** | : | **Case No.      C2:09-cv-814** |
| **Landstrasse 124** | : | |
| **Postfach 6** | : | **Judge**_____ |
| **FL-9494 Schaan, Liechstenstein,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Magistrate Judge**_____ |
| **v.** | : | |
| | : | |
| **LAMINATORS, INC.** | : | |
| **3255 Penn Street** | : | |
| **Hatfield, PA   19440,** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff alkus Aktiengesellschaft, pursuant to Rule 8 of the Federal Rules of Civil Procedure, does complain as follows:

## PARTIES

1.     Plaintiff alkus Aktiengesellschaft ("alkus") is a Liechtenstein corporation, with its principal place of business in Schaan, Liechtenstein.  It is the exclusive licensee of U.S. Patent No. 6,505,454 ("the '454 patent").

2.     Defendant Laminators, Inc. ("Laminators") is, upon information and belief, a Pennsylvania corporation, with its principal place of business in Hatfield, Pennsylvania.

## JURISDICTION AND VENUE

3.     This is a patent-infringement action.  Jurisdiction is proper with this Court as this case arises under the patent laws of the United States, Title 35 of the United States Code.  Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).  The

Court has personal jurisdiction over Laminators by virtue of Laminators' activity in and affecting Ohio, namely it engages in continuous and systematic activity in Ohio and in this District, and has sold or is selling products within this District that infringe the '454 patent.

4. Venue is proper with this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because a substantial part of the events giving rise to this claim occurred in this District, and based upon Laminators' activity in Ohio and particularly in this District as described in the preceding paragraph and in the paragraphs below. Laminators' activity in this District is sufficient to render Laminators subject to personal jurisdiction here.

## FACTS

5. On or about January 14, 2003, Gerhard Dingler ("Dingler"), a resident and citizen of the Republic of Germany, was issued the '454 patent. Dingler assigned the patent to alkus GmbH (formerly Inovaplast GmbH & Co. KG), *nunc pro tunc* effective December 28, 1998. A copy of the '454 patent is attached as Exhibit A.

6. On or about July 24, 2000, alkus GmbH licensed the '454 patent to alkus AG, reserving rights to the '454 patent to itself.

7. alkus manufactures, sells, and licenses structural members taught by the patent, and sells them in the United States through its distributor MEVA Formworks Systems, Inc., located in Springfield, Ohio ("MEVA").

8. Laminators manufactures and sells products using the patented technology set forth in and protected by the '454 patent, and has sold such products within this District.

## COUNT I
### (Infringement of '454 Patent)

9. alkus incorporates by reference the allegations set forth above in paragraphs 1 through 8, above.

10. Laminators has infringed and is now infringing the '454 patent by manufacturing and selling within this judicial district, and elsewhere in the United States, products that embody the invention claimed in the '454 patent, to wit: structural designs, including signage, that feature elements of the '454 patent claims.

11. Laminators' actions regarding the '454 patent are without license or authority from alkus.

12. Laminators' actions infringing the '454 patent have been knowing, willful, and deliberate, and intended to deprive alkus of its full rights regarding the '454 patent.

13. On or about June 23, 2008, and again on or about August 15, 2008, counsel for alkus and MEVA sent a letter to David Thompson, Laminators' president and chief operating officer, informing him that Laminators was infringing the '454 patent, and directing Laminators to cease and desist infringing the '454 patent.

14. Laminators ignored this request to cease and desist its infringing activity, and Laminators continues to sell infringing products. Laminators will continue in this course of conduct unless this Court enjoins Laminators' actions.

15. As a result of Laminators' willful and deliberate infringement, this is an "exceptional case" within the meaning of 35 U.S.C. § 285.

16. Further, as a result of this infringement, alkus has been damaged and will continue to be damaged in an amount to be determined at trial.

17. In addition, alkus has also suffered and will continue to suffer irreparable harm unless this Court enjoins Laminators' actions.

## **RELIEF**

WHEREFORE, Plaintiff alkus Aktiengesellschaft respectfully asks the Court for the following relief:

1. An order ruling that Laminators is and has been infringing the '454 patent;

2. An order preliminarily and permanently enjoining Laminators, and those acting in privity or concert with it, from further infringing the '454 patent;

3. An order that Laminators' infringement has been deliberate, knowing, and willful;

4. An order that this is an "exceptional case" allowing for an award of the reasonable attorneys fees for alkus AG;

5. An award to alkus AG of three times its actual damages, plus pre-judgment and post-judgment interests and costs;

6. An award of the costs of this action and the reasonable attorneys fees for alkus AG; and

7. Such other and further relief as is appropriate and just.

>Respectfully submitted,
>
>s/Bryan R. Faller
>David P. Shouvlin (0066154), Trial Attorney
>Bryan R. Faller (0072474)
>Sheena L. Little (0083617)
>PORTER WRIGHT MORRIS & ARTHUR LLP
>41 South High Street, 29th Floor
>Columbus, OH 43215-6194
>Telephone: (614) 227-2000
>Facsmile: (614) 227-2100
>E-mail:  dshouvlin@porterwright.com
>           bfaller@porterwright.com
>           slittle@porterwright.com
>*Attorneys for Plaintiff*